IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARPENTER TECHNOLOGY CORPORATION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 5:08-cv-02907-LS |
| | : | |
| ALLEGHENY TECHNOLOGIES INCORPORATED | : | JURY TRIAL DEMANDED |
| and ATI PROPERTIES, INC., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE ARGUMENT THAT STATEMENT OF REASONS FOR ALLOWANCE OF '564 PATENT MADE AFFIRMATIVE FINDINGS REGARDING SCOPE OF PRIOR ART**

Defendants Allegheny Technologies Incorporated and ATI Properties, Inc. (collectively, "ATI") move *in limine* to preclude Carpenter from arguing that the examiner's statement of reasons for allowance made affirmative findings regarding the scope of the prior art. Such evidence is irrelevant and its probative value is substantially outweighed by the potential for confusing the issues and misleading the jury, and, accordingly it is inadmissible under Federal Rules of Evidence 402 and 403.

**ARGUMENT**

ATI anticipates that Plaintiff Carpenter Technology Corporation ("Carpenter"), as it did on summary judgment, will cite to the statement of reasons for allowance in the '564 Patent in order to argue that the subject matter of the inventions at issue was obvious to someone having ordinary skill in the art, and therefore invalid under 35 U.S.C. §103(a). Specifically, Carpenter previously argued on summary judgment:

> "The Notice of Allowability issued by the USPTO makes clear that
> the patent examiner found that most of the elements of the two
> independent claims of the '564 patent, i.e. claims 1 and 27, were

> disclosed by the prior art. The one exception identified by the patent examiner was the following: '***However, the prior art does not disclose or suggest the steps of transferring, holding, and increasing as claimed in Claims 1 and 27.***'"

*See* Carpenter Technology Corporation's memorandum in Support of Motion for Summary Judgment Based on 35 U.S.C. §103(a) [Obviousness], at pp. 5-6 (citing CAR-02-00485, at pp. 486-87) (emphasis in original). A copy of the notice of allowability is attached hereto as Exhibit A[1]

According to Carpenter's misguided argument, because the statement of reasons for allowance expressly refers to the steps of transferring, holding, and increasing in Claims 1 and 27 as not being disclosed by the prior art, that constitutes proof that the remaining steps in those claims (and presumably the remaining claims in the '564 Patent) were, in fact, in the prior art. This Court should preclude Carpenter from making this argument because it has potential for confusing the issues and misleading the jury, for the following ***three*** reasons.

***First***, the USPTO itself describes the significance of the examiner's statement of reasons for allowance in a manner squarely at odds with Carpenter's argument. That is, the USPTO's Manual of Patent Examination and Procedure states:

> "Where specific reasons are recorded by the examiner, care must be taken to ensure that statements of reasons for allowance (or indication of allowable subject matter) are accurate, precise, and do not place unwarranted interpretations, whether broad or narrow, upon the claims. . . . ***The statements are not intended to necessarily state all the reasons for allowance or all the details why claims are allowed and should not be written to specifically or impliedly state that all the reasons for allowance are set forth.***"

---

[1] *See also* page 32 of Carpenter's Brief ("The examiner's sole reason for concluding that claims 1 and 27 of the '564 patent met the criteria for patentability was limited to a narrow confine: '***However, the prior art does not disclose or suggest the steps of transferring, holding, and increasing as claimed in Claims 1 and 27.***'"). (emphasis in original).

MPEP § 1302.14 (emphasis added). Thus, as the USPTO itself warns, statements of reasons for allowance are not intended to be complete and detailed, and should not be interpreted as such. Indeed, the statement here is a perfect example of why the USPTO cautions against relying on reasons for allowance. The statement notes that the prior art does not disclose the steps of transferring, holding, and increasing as claimed in Claims 1 and 27, but it says nothing about what specific steps in those claims are, in fact, disclosed by the prior art. Carpenter, however, attempts to draw precisely that inference—*i.e.*, that the USPTO made an affirmative finding that other claim steps are disclosed in the prior art. The plain language of the statement does not justify such an inference. Carpenter's attempt to give the statement an impermissible implied meaning should be rejected, and the statement for reasons of allowance should be held to be inadmissible as evidence of a finding on scope of the prior art.

*Second*, and perhaps more problematic for Carpenter, the statement of reasons for allowance is irrelevant and misleading on the question of obviousness because it dissects the parts of the invention into different elements. In engaging in an obviousness analysis, the claimed invention must not be dissected into discrete elements to be analyzed in isolation, but must be considered as a whole. *W.L. Gore & Assoc., Inc. v. Garlock, Inc.*, 721 F.2d 1540, 1548 (Fed. Cir. 1983). *See also ATD Corp. v. Lydall Inc.*, 159 F.3d 534, 546 (Fed. Cir. 1998) ("Determination of obviousness can not be based on the hindsight combination of components selectively culled from the prior art to fit the parameters of the patented invention."). Thus, for purposes of an obviousness analysis, reliance on the statement of reasons for allowance—a statement that, on its face, separates certain steps of certain claims—would only serve to confuse the jury on application of this defense.

3

***Third***, although the statement of reasons for allowance may be extrinsic evidence useful in claim construction, *see Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed.Cir.2005) (*en banc*), it does not bear on Carpenter's invalidity arguments. The parties have agreed on claim construction. Citing the prosecution history at trial is merely an attempt to undermine the construction of the claims in the ATI Patents. Parties, "their experts, and their attorneys are not permitted at trial… to take positions that are inconsistent with the Court's construction." *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 763 F. Supp. 2d 671, 695 (D. Del. 2010) (citing *CytoLogix Corp. v. Ventana Med. Sys., Inc.*, 424 F.3d 1168, 1172 (Fed. Cir. 2005)). Any testimony depending on a different claim construction is irrelevant. *See, e.g., Liquid Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209, 1224 n.2 (Fed. Cir. 2006) (rejecting defendant's argument that expert testimony on enablement was improperly excluded where it was "irrelevant because it was based on an impermissible claim construction"); *see also Chicago Mercantile Exchange, Inc. v. Tech. Research Group, LLC*, 782 F. Supp. 2d 667, 673-74 (N.D. Ill. 2011) (excluding portions of expert's testimony on noninfringement because "it is the Court's claim construction which governs…. Any testimony that is based on an alternative construction is therefore irrelevant.") (citing *Hebert v. Lisle*, 99 F.3d 1109, 1117 (Fed. Cir. 1999)). Given the agreed-upon claim construction, Carpenter's invalidity arguments, and the USPTO's own rules regarding the lack of significance of the statement, Carpenter should not be entitled to rely upon the statement to reduce its burden of proof.

## CONCLUSION

For the foregoing reasons, ATI respectfully request that the Court grant its motion *in limine*, and preclude Carpenter from arguing that the statement of reasons for allowance of the '564 Patent made affirmative findings regarding the scope of the prior art.

Respectfully Submitted:

K&L GATES LLP

s/Patrick J. McElhinny
Patrick J. McElhinny
Admitted *pro hac vice*
patrick.mcelhinny@klgates.com
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Ph (412) 355-6500
Fax (412) 355-6501

Counsel for Defendants Allegheny Technologies
Incorporated and ATI Properties, Inc.

Dated: April 13, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on the April 13, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Patrick J. McElhinny