IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARPENTER TECHNOLOGY CORPORATION, )<br>    Plaintiff/ Counter-Defendant, )<br>)<br>)<br>)<br>v. )<br>)<br>)<br>ALLEGHENY TECHNOLOGIES INCORPORATED )<br>and )<br>ATI PROPERTIES INC., )<br>    Defendants/ Counter-Plaintiffs. ) | **Civil Action No.:**<br>    **5:08-cv-02907-LS**<br><br>**Jury Trial Demanded** |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE ARGUMENT THAT STATEMENT OF REASONS FOR ALLOWANCE OF '564 PATENT MADE AFFIRMATIVE FINDINGS REGARDING SCOPE OF PRIOR ART**

## I. INTRODUCTION

Carpenter Technology Corporation ("Carpenter") hereby opposes Defendants' Motion in Limine to Preclude Argument that Statement of Reasons for Allowance of '564 Patent Made Affirmative Findings Regarding Scope of Prior Art. While Defendants do not appear to be seeking exclusion of the Statement of Reasons from evidence entirely, they do seek to exclude any argument that the statement of reasons made "affirmative findings" regarding the scope of the prior art. However, Courts frequently rely on statements of the Untied States Patent and Trademark Office ("USPTO") Examiner in reviewing obviousness, and Defendants have not cited a single case where such evidence has been excluded. Defendants' proposed limitation on this relevant evidence of obviousness is thus completely unsupported in the law, and the motion should be denied.

## II. ARGUMENT

The nonobviousness requirement is embodied in 35 U.S.C. §103(a) which states that a patent may not issue "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." As the Federal Circuit has observed:

> Obviousness is a legal conclusion based on underlying facts of four general types, *all of which must be considered by the trier of fact*: (1) the scope and content of the prior art; (2) the level of ordinary skill in the art; (3) the differences between the claimed invention and the prior art; and (4) any objective indicia of nonobviousness.

*Crown Operations Int'l, Ltd. v. Solutia, Inc.*, 289 F.3d 1367, 1375-76 (Fed. Cir. 2002)(citations omitted and emphasis added).

The Examiner's Statement of Reasons is directly relevant to the obviousness inquiry, and courts frequently examine USPTO examiners' statements regarding prior art to determine obviousness. *See Pfizer, Inc. v. Apotex, Inc.,* 480 F.3d 1348, 1356 (Fed. Cir. 2007) (considering prior art citations by the Examiner in obviousness inquiry); *Syntex (U.S.A.) LLC v. Apotex, Inc.*, 407 F.3d 1371, 1382 (Fed. Cir. 2005) (considering the examiner's statements in prosecuting history in obviousness inquiry and noted that "the relevance of the inconsistency between the views of two examiners is not insignificant"); *Graceway Pharms., LLC v. Perrigo Co.*, 722 F. Supp. 2d 566, 572 (D. N.J. 2010) (reviewing statements of examiner in obviousness inquiry); *Purdue Pharma Prods. L.P. v. Par Pharm., Inc.*, 642 F. Supp. 2d 329, 347-49 (D. Del. 2009) (reviewing statements and prior art references relied on by the Examiner and observing that "[t]he prosecution history of the patents-in-suit is relevant to issues of both obviousness and inequitable conduct.").

A division of this Court has rejected the argument that prosecution history is only relevant to inequitable conduct. *McNeil-PPC, Inc. v. L. Perrigo Co.*, 207 F. Supp. 2d 356, 360 n.9 (E.D. Pa. 2002) ("[t]his argument appears to miss the mark."), *reversed in part on award of attorneys' fees*, 337 F.3d 1362 (Fed. Cir. 2003). As the Court recognized, "facts relevant to the issue of obviousness" include "prosecution history in the PTO." *Id.* (quoting *Applied Materials v. Advanced Semiconductor Materials Am.*, 98 F.3d 1563, 1570 (Fed. Cir. 1996)).

Defendants have not cited a single case where a court has excluded argument on such grounds. Contrary to Defendants' suggestions, Carpenter is not attempting to "rely upon the statement to reduce its burden of proof" (Defendants' Memorandum at 4), but rather is relying upon admissible evidence to meet its burden of proof. The Patent Examiner made specific findings regarding the teachings found in prior art as they relate to the claims of the patent. For example, among other things, the Examiner found that "Choudhury, in the article from *ISIJ International,* teaches that the claimed ESR and VAR rates are known in the art (page 571, Figure 12 and page 573). Smith, Jr. et al (US 4,144,102) teaches that after VIM, recrystallizing annealing is done on the produced ingot for 1 hour at 1700º F (column 3, lines 52-61, column 4, lines 21 and 22), followed by aging at 1150º F for about 8 or more hours (column 4, lines 45 and 46)." (Notice of Allowance at 3)(attached to Defendants' Motion at Ex. A). While Carpenter has never taken the position that the statements are conclusive, these findings are certainly relevant evidence regarding the scope of prior art, which in turn is relevant to the obviousness inquiry. Defendants' arguments challenging the weight or accuracy of the Examiner's statements are fodder for argument and cross-examination at trial, not exclusion.

### A. The Manual of Patent Examination and Procedure Does Not Counsel Toward Exclusion

Defendants' reliance on the USPTO's Manual of Patent Examination and Procedure ("MPEP") is misplaced. When read as a whole, the section of the MPEP relied on by Defendants appears as a guidance for examiners in the careful drafting of their statements, and not as any declaration of the statements' admissibility or weight at trial. *See* MPEP § 1302.14.

Defendants give great weight to the MPEP's indication that the examiners' statements should not be construed as a complete statement of all reasons for the action. *Id.* However, the MPEP also states that "[t]he examiner's statement of reasons for allowance is the personal opinion of the examiner as to why the claims are allowable" and that "[w]here the examiner has a large number of reasons for allowing a claim, it may suffice to state only the major or important reasons, being careful to so couch the statement." *Id.* Indeed, the MPEP itself appears to contemplate that the statement of reasons will be used in litigation, stating that the file history "facilitates evaluation of the scope and strength of a patent by the patentee and the public and may help avoid or simplify litigation." *Id.*

We are to assume that the examiner "has some expertise in interpreting the references and some familiarity with the level of skill in the art." *Bausch & Lomb, Inc. v. Barnes-Hind/Hydrocurve, Inc.*, 796 F.2d 443, 447 (Fed. Cir. 1986). When viewing the instructions of the MPEP in the proper context, the jury is capable of giving the statements the appropriate weight. Accordingly, Defendants have not shown that exclusion is warranted.

### B. The Statement of Reasons Does Not Impermissibly "Dissect[] the Parts of the Invention Into Different Elements"

Defendants are correct that in determining obviousness, the "claimed invention must be considered as a whole." *W.L. Gore & Assoc., Inc. v. Garlock, Inc.*, 721 F.2d 1540, 1548 (Fed.

4

Cir. 1983). This principle, however, does not serve as a limitation on this type of evidence in determining obviousness.

Defendants quote the Federal Circuit's observation that the ultimate determination of obviousness "can not be based on the hindsight combination of components selectively culled from the prior art to fit the parameters of the patented invention." *ATD Corp. v. Lydall Inc.*, 159 F.3d 534, 546 (Fed. Cir. 1998). This is because "[a] determination of obviousness must involve more than indiscriminately combining prior art." *Micro Chem., Inc. v. Great Plains Chem. Co.*, 103 F.3d 1538, 1546 (Fed. Cir. 1997). At the same time, "when a patent 'simply arranges old elements with each performing the same function it had been known to perform' and yields no more than one would expect from such an arrangement, the combination is obvious." *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 417 (2007) (quoting *Sakraida v. Ag Pro, Inc.*, 425 U.S. 273, 282).

These principles of law do not serve to exclude evidence that considers only a portion – rather than the whole – of the invention, and Defendants cite no law which so holds. The effect of Defendants' argument is that the jury could never analyze any one part of the invention in the course of determining whether the whole was obvious. This is a novel interpretation and one not supported by the settled principles of law articulated *supra*.

### C. The Examiner's Statements Do Not Contradict the Agreed-Upon Claim Construction

Defendants assert, without any specificity or explanation, that the statement of reasons is at odds with the claim construction agreed upon by the Court. This assertion is unsupported and not true.

Plaintiff accepts and relies on the agreed-upon claim construction. Reviewing the terms of the agreed-upon claim construction, there is no basis for Defendants' unsupported assertion

5

that the examiners' statement is inconsistent. As the cases cited *supra* show, courts frequently consider the prosecution history in the obviousness inquiry, not merely in the construction of claims. Accordingly, exclusion of argument related to admissible and highly relevant evidence is improper.

### III. CONCLUSION

Courts frequently rely on USPTO examiners' statements in considering obviousness, and Defendants have not cited a single case where such evidence has been excluded on these grounds. The examiners' statement is relevant and not inconsistent with the claim construction. The jury is capable of determining the proper weight of such statements and of properly considering the whole of the invention as required. Accordingly, Plaintiff respectfully requests that Defendants' Motion in Limine to Preclude Argument that Statement of Reasons for Allowance of '564 Patent Made Affirmative Findings Regarding Scope of Prior Art be denied.

THIS the 4th day of May, 2012.

Respectfully submitted,

CARPENTER TECHNOLOGY CORPORATION

By: /s Amy M. Pepke

CHRISTY D. JONES (*admitted pro hac vice*)
FRANK M. HOLBROOK (*admitted pro hac vice*)
AMY M. PEPKE (*admitted pro hac vice*)
BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
1020 HIGHLAND COLONY PARKWAY, SUITE 1400
RIDGELAND, MISSISSIPPI 39157
TELEPHONE: 601.948.5711
FAX: 601.985.4500
christy.jones@butlersnow.com
frank.holbrook@butlersnow.com
amy.pepke@butlersnow.com

JOE H. TUCKER (PA. Attorney ID No. 56617)
Tucker Law Group, LLC
ONE PENN CENTER AT SUBURBAN STATION
1617 JFK BOULEVARD, SUITE 1700
PHILADELPHIA, PENNSYLVANIA 19103
JTUCKER@TLGATTORNEYS.COM

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of May, 2012, a true and correct copy of the foregoing was filed via CM/ECF, which sent electronic notice of filing to the following:

David L. McClenahan, Esq.
Patrick J. McElhinny, Esq.
David R. Fine, Esq.
K&L Gates LLP
535 Smith field Street
Pittsburgh, PA 15222
David.mcclenahan@klgates.com
Patrick.mcelhinny@klgates.com

*Attorneys for Defendants/ Counter-Plaintiffs*

    /s Amy M. Pepke

ButlerSnow 8075961v1