IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| CARPENTER TECHNOLOGY CORP., | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 08-2907 |
| | : | |
| ALLEGHENY TECHNOLOGIES, INC., | : | |
| and ATI PROPERTIES, INC., | : | |
| Defendants. | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                              November 14, 2012

ATI moves to exclude deposition testimony of three individuals: Carpenter employee Dr. Sunil Widge and GE employees Robin Schwant and Dr. Sam Thamboo. Drs. Thamboo and Widge specifically testified as to the "obviousness" of '564 and '858 Patents. Mr. Schwant, while not specifically mentioning "obviousness," testified that the processes described in the '564 Patent were "standard stuff." Carpenter and ATI agree that, to the extent these witnesses are permitted to testify at trial, they are limited to their deposition testimony. For the following reasons, I will grant in part and deny in part ATI's motion.

I note first that the testimony in question is inadmissible under Federal Rule of Evidence 702. Although Carpenter initially designated Mr. Schwant, Dr. Thamboo, and Dr. Widge as experts, a review of their deposition testimony indicates that Carpenter made no attempt to show that their opinions were based upon sufficient facts or data, that their opinions were the result of reliable principles and methods, or that they applied the principles and methods reliably to the facts of this case. Carpenter has not satisfied Rule

702's requirements for expert witnesses with respect to Mr. Schwant's, Dr. Thamboo's, and Dr. Widge's opinion testimony on the issue of obviousness.

Carpenter alternatively contends that the testimony in question is admissible under Federal Rule of Evidence 701. Rule 701, which governs lay witness testimony, provides that "[i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." ATI argues that the relevant testimony is inadmissible under Rule 701 because it is based on "scientific, technical, or other specialized knowledge." While testimony is not necessarily inadmissible simply because the subject matter is subject matter is specialized or technical, see Donlin v. Philips Lighting N. Am. Corp., 581 F.3d 73, 81 (3d Cir. 2009), the clear weight of authority militates against permitted lay testimony on the issue of obviousness. See Freedom Wireless, Inc. v. Boston Communications Group, Inc., 369 F. Supp. 2d 155, 157 (D. Mass. 2005) ("[The witness's] opinions on obviousness and triviality were based on his highly technical and specialized knowledge of telecommunications. But Rule 701 explicitly bars lay witnesses from giving opinions based on technical or specialized knowledge."); Hypertherm, Inc. v. Am. Torch Tip Co., CIV. 05-CV-373-JD, 2009 WL 435324, at *4 (D.N.H. Feb. 19, 2009) ("[N]o lay opinion testimony will be permitted on the issues of infringement and patent invalidity."); Gart v. Logitech, Inc., 254 F. Supp. 2d 1119, 1123 (C.D. Cal. 2003) ("[W]hen the declarants compare the [prior art] to the [] Patent [at

2

issue], they provide testimony that does require specialized knowledge. This they are not permitted to do as lay witnesses."); Marine Polymer Technologies, Inc. v. HemCon, Inc., CIV. 06-CV-100-JD, 2009 WL 801826, at *5 (D.N.H. Mar. 24, 2009) ("A witness's testimony about the obviousness of an invention, in patent litigation, however, requires 'highly technical and specialized knowledge' that is beyond the scope of Rule 701.") (quoting Freedom Wireless, Inc., 369 F. Supp. 2d at 157); Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc., C 03-1431 SBA, 2006 WL 1330002, at *3 (N.D. Cal. May 15, 2006) (barring lay witness testimony comparing prior art to patent at issue). Accordingly, Mr. Schwant, Dr. Thamboo, and Dr. Widge will not be permitted to testify as to the obviousness of the '564 and '858 Patents at trial.

Finally, Carpenter contends that even if the testimony in question is inadmissible on the issue of obviousness, it is admissible for the more limited purpose of defending against ATI's claim of willful infringement. According, to Carpenter, "[s]trong evidence of a corporate entities' [sic] lack of willfulness in infringing a patent is found with its employees." Doc. No. 140 at 13. By this standard, the testimony of Mr. Schwant and Dr. Thamboo is not admissible as a defense to willfulness because they are not Carpenter employees. As to Dr. Widge's testimony, however, I agree with Carpenter that it is relevant and admissible for the limited purpose of defending against ATI's charge of willful infringement. See CNH Am. LLC v. Kinze Mfg., Inc., 809 F. Supp. 2d 280, 288 (D. Del. 2011) (testimony of company "engineer who worked on the development of the [allegedly infringing product] . . . on why he and the rest of the . . . development team believed that the [product] would not infringe . . . was highly relevant to the issue of

3

willfulness").

In sum, to the extent Mr. Schwant, Dr. Thamboo, and Dr. Widge opined on the obviousness of the '564 and '858 Patents in their depositions, that testimony is not admissible for the purpose of establishing obviousness at trial. Dr. Widge's testimony, however, is relevant and admissible for the limited purpose of defending against ATI's charge of willful infringement.

An appropriate order follows.