# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARPENTER TECHNOLOGY CORP., | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 08-2907 |
| | : | |
| ALLEGHENY TECHNOLOGIES, INC., | : | |
| and ATI PROPERTIES, INC., | : | |
| Defendants. | : | |

## M E M O R A N D U M

**STENGEL, J.**                                                                                                                                   **November 13, 2012**

ATI moves to exclude evidence pertaining to the parties' pre-suit license and settlement negotiations. ATI anticipates that Carpenter will point to the royalty rate proposed in the parties' negotiations as a measure of ATI's damages. ATI contends this evidence is inadmissible under Federal Rules of Evidence 402, 403, and 408. For the following reasons, I will grant in part and deny in part ATI's motion.

Rule 408(a) provides in relevant part: "Evidence of the following is not admissible—on behalf of any party—either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction: (1) furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise the claim; and (2) conduct or a statement made during compromise negotiations about the claim . . . ."

Although courts have taken inconsistent approaches to evaluating the admissibility of settlement negotiations in patent infringement cases, see Tejas N. Narechania and

Jackson Taylor Kirklin, <u>An Unsettling Development: The Use of Settlement-Related Evidence for Damages Determinations in Patent Litigation</u>, U. Ill. J.L. Tech. & Pol'y, Spring 2012, at 25-26, I have little trouble concluding that the plain language of Rule 408(a) excludes evidence of the parties' license and settlement negotiations for the purpose of measuring ATI's damages. Where, as here, the negotiations occurred between the parties to the litigation, concerned the subject of the litigation, and are being offered for the purpose of establishing a reasonable royalty (i.e., the "amount of a disputed claim"), Rule 408(a) bars their admission. See <u>Inline Connection Corp. v. AOL Time Warner Inc.</u>, 470 F. Supp. 2d 435, 444 (D. Del. 2007) ("Evidence of prior settlement negotiations in a pending patent infringement matter is generally forbidden under FRE 408."). Nor do I find persuasive Carpenter's contention that the pre-suit negotiations must be admitted because ATI's expert, Dr. Phillip Beutel, considered these negotiations as part of his reasonable royalty analysis. Rule 408(a) does not require me "to allow otherwise inadmissible settlement agreements into evidence simply because one party's expert relies on them in reaching a reasonable royalty." <u>PharmaStem Therapeutics, Inc. v. Viacell Inc.</u>, C.A. 02-148 GMS, 2003 WL 22387038, at *3 (D. Del. Oct. 7, 2003).

  Carpenter alternatively contends that even if the parties' negotiations are inadmissible for the purpose of establishing a reasonable royalty, they are still admissible under Rule 408(b) for the limited purpose of defending against ATI's charge of willful infringement. Rule 408(b) provides: "The court may admit [evidence described in 408(a)] for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or

prosecution." To the extent Carpenter seeks to introduce evidence of the parties' negotiations for the limited purpose of defending against willfulness, Rule 408(b) does not preclude it from doing so and neither will I.

In sum, Carpenter may not introduce evidence of the parties' license and settlement negotiations for the purpose of measuring ATI's damages; however, Carpenter may introduce evidence of the parties' negotiations for the limited purpose of defending against ATI's claim of willful infringement.

An appropriate order follows.