IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARPENTER TECHNOLOGY CORP., | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 08-2907 |
| | : | |
| ALLEGHENY TECHNOLOGIES, INC., | : | |
| and ATI PROPERTIES, INC., | : | |
| Defendants. | : | |

# M E M O R A N D U M

**STENGEL, J.**                                                                November 14, 2012

ATI moves to exclude Carpenter's expert witness, Dr. Alec Mitchell. For the following reasons, I will deny ATI's motion.

Federal Rule of Evidence 702, which codified the Supreme Court's holding in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), governs the admissibility of expert testimony. "Rule 702 has three major requirements: (1) the proffered witness must be an expert, i.e., must be qualified; (2) the expert must testify about matters requiring scientific, technical or specialized knowledge; and (3) the expert's testimony must assist the trier of fact." Pineda v. Ford Motor Co., 520 F.3d 237, 244 (3d Cir. 2008) (citing Kannankeril v. Terminix Int'l, Inc., 128 F.3d 802, 806 (3d Cir. 1997)). The Third Circuit has interpreted the second requirement to mean that "'an expert's testimony is admissible so long as the process or technique the expert used in formulating the opinion is reliable.'" Id. As for the third requirement, the question is "'whether [the] expert testimony proffered . . . is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute.'" United States v. Schiff, 602 F.3d

152, 173 (3d Cir. 2010) (quoting Daubert, 509 U.S. at 591). ATI does not dispute that Dr. Mitchell is qualified; rather, it contends his expert opinion is unreliable and unhelpful to the jury.

First, ATI contends that Dr. Mitchell's opinion is inadmissible because it is based on confidential information. Although ATI correctly observes that "material is not prior art for purpose of the obviousness inquiry if it was not publicly available prior to the invention, and it was not disclosed to the inventor," Carpenter Tech. Corp. v. Allegheny Technologies Inc., CIV.A. 08-2907, 2011 WL 3296202, at *10 (E.D. Pa. Aug. 2, 2011) (citing Oddzon Prods., Inc. v. Just Toys, Inc., 122 F.3d 1396, 1401–04 (Fed. Cir. 1997)), it overstates the extent to which Dr. Mitchell's report is based on confidential information. While Dr. Mitchell did sporadically reference "company confidential" information in his deposition, see, e.g., Mitchell Dep. at 38-39, there is no indication that confidential information drove the obviousness analysis contained in his report.

Second, ATI contends that Dr. Mitchell's opinion is inadmissible because he improperly evaluated obviousness as of the date of the patent application, rather than the date of invention. See 35 U.S.C. § 103(a) (a patent may not validly issue "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains") (emphasis added). Again, I disagree. Dr. Mitchell did frame his ultimate conclusions with reference to the date of the patent application; however, the materials he relied upon are largely dated prior to the date of invention and are thus equally applicable to that

period of time.

Third, ATI contends that Dr. Mitchell's opinion is inadmissible because it is based on a factual predicate—namely, that Alloy 706 and Alloy 718 are similar—that two of Carpenter's fact witnesses contradict. Carpenter denies that Dr. Mitchell's report contradicts any of its fact witness. For the purposes of the present motion, the parties' dispute is irrelevant. ATI is free to point out perceived contradictions in Dr. Mitchell's report at trial, but they are not a basis for exclusion.

Finally, ATI argues that Dr. Mitchell's analysis is inadmissible because it improperly dissected the '564 Patent into its component parts, rather than analyzing it as a whole. See W.L. Gore & Associates, Inc. v. Garlock, Inc., 721 F.2d 1540, 1548 (Fed. Cir. 1983) ("Each claimed invention must be considered as a whole."). ATI's objections are simply not reflected in Dr. Mitchell's report, which considered the "triple melt process" and generally followed the procedures used by the U.S. Patent and Trademark Office in determining obviousness.

In sum, I am satisfied that Dr. Mitchell's analysis rests on "good grounds." Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 590 (1993). To the extent ATI has identified legitimate deficiencies in Dr. Mitchell's report, they do not warrant "wholesale exclusion." Id. at 596. ATI's objections may be appropriately addressed through "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof." Id. at 596. ATI's motion is therefore denied.

An appropriate order follows.